**Anthony CIAMPI, Petitioner,**

v.

**UNITED STATES, Respondent.**

**Civil Action No. 01–40033–NMG.**

United States District Court,
D. Massachusetts.

Dec. 17, 2008.

Jeffrey Auerhahn, Cynthia Young, United States Attorney's Office, Boston, MA, for Respondent.

Clifford J. Barnard, Boulder, CO, Thomas J. Butters, Butters Brazilian LLP, Boston, MA, for Petitioner.

## MEMORANDUM & ORDER

GORTON, District Judge.

Petitioner, Anthony Ciampi ("Ciampi"), has filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). He requests that this Court set aside its Order dismissing his 28 U.S.C. § 2255 motion based on information he furnished in a reply brief that was sent to the Court but apparently never received.

### I. *Factual Background and Procedural History*

On April 4, 1997, a grand jury returned a 34 count Indictment ("the Indictment") against 15 defendants and specifically named petitioner Ciampi in 23 of those counts. The first trial of Ciampi and others on those counts ended on January 12, 1999. The jury convicted Ciampi of operating an illegal gambling business in violation of 18 U.S.C. § 1955 as charged in Count 34 of the Indictment, acquitted him on four counts and was unable to reach a verdict with respect to the remaining 18 counts against him.

Before Ciampi's retrial began on October 25, 1999, new counsel was appointed to represent him. On November 1, 1999, Ciampi pled guilty to Count Three of the Indictment charging him with conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959 and to a one-count Superseding Information charging him with attempt to commit a crime involving assault with a dangerous weapon and assault resulting in serious bodily injury in violation of § 1959.

On March 1, 2000, this Court sentenced Ciampi to 216 months (18 years) in prison based on the agreed-upon disposition in his plea agreement calling for consecutive prison sentences of 60 months on Count Thirty–Four of the Indictment, 120 months on Count Three and 36 months on

Count One of the Superseding Information. In his plea agreement, Ciampi waived his right to appeal or to assert certain collateral challenges. Judgment was accordingly entered against Ciampi on March 8, 2000.

On February 20, 2001, Ciampi, proceeding *pro se*, filed a petition to vacate his sentence pursuant 28 U.S.C. § 2255 ("the original petition"). With leave of this Court, Ciampi, represented by counsel, amended that petition on October 31, 2002 ("the amended petition"). The government opposed the original and amended petitions and moved to dismiss the amended petition.

On September 19, 2003, this Court allowed the government's motion to dismiss and denied Ciampi's § 2255 motion. That Order was upheld on appeal to Court of Appeals for the First Circuit.

On March 29, 2005, Ciampi filed the pending motion for relief from judgment. In it he contends that, in denying his § 2255 motion, this Court did not address all the claims raised in his original petition. Moreover, he asserts that the Court could not have considered all of the evidence relating to those claims because it never received his reply to the government's opposition that was timely filed. Because Ciampi's case was administratively closed following the dismissal of his § 2255 motion, this Court only recently became aware of his pending motion for relief from judgment. That motion has not been opposed by the government.

## II. *Ciampi's Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(6)*

Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). The word "other" has the effect of excluding motions more appropriately brought pursuant to Rule 60(b)(1) through (5). Although seemingly broad in scope, Rule 60(b)(6) has been termed a "small escape hatch" requiring "exceptional circumstances that justify extraordinary relief." *United States v. 6 Fox Street*, 480 F.3d 38, 46 (1st Cir.2007) (citation and internal quotation marks omitted).

Ciampi contends that such exceptional circumstances exist here because the Court never received, and thus could not consider, his reply brief filed in response to the government's opposition to his § 2255 motion. The circumstances surrounding Ciampi's missing reply brief are unusual and, therefore, this Court deems it appropriate to address the arguments and new evidence raised in that brief and Ciampi's Rule 60(b)(6) motion.

### A. Failure to Disclose Exculpatory Evidence

In his original petition, Ciampi asserted that he was denied due process by the government's failure to disclose corruption within the ranks of the Federal Bureau of Investigation's ("the FBI") Boston office and by its failure to disclose exculpatory evidence before Ciampi entered his plea of guilty. The government responded that Ciampi's allegations failed to point to any specific evidence that was allegedly suppressed or that might have impacted Ciampi's decision to plead guilty. Ciampi now contends that his reply to the government's opposition (which was never received by the Court and, thus, not considered before now) provides the specifics that the government claimed were lacking.

#### 1. Legal Standard

The Supreme Court has held that pre-guilty plea disclosure of impeachment information is not constitutionally required. *United States v. Ruiz*, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) In

reaching that conclusion the Court emphasized that impeachment information "is special in relation to the *fairness of a trial,* not in respect to whether a plea is *voluntary.*" *Id.* It further declared that impeachment information is not the kind of "critical information" that a defendant must be aware of in deciding whether to plead guilty. *Id.* at 630, 122 S.Ct. 2450.

The *Ruiz* decision did not address whether exculpatory evidence that exonerates a defendant must be disclosed prior to a guilty plea. Ciampi asserts that *Ruiz* nevertheless suggests that such disclosure is required. *See id.* at 631, 122 S.Ct. 2450 (noting that the absence of impeachment information will not lead innocent individuals to plead guilty).

### 2. Application

■ Even assuming, as Ciampi suggests, that *Ruiz* implicitly requires pre-guilty-plea disclosure of evidence that exonerates the defendant, Ciampi has failed to identify any such evidence that was wrongfully withheld from him. His reply to the government's opposition includes nothing more than conclusory allegations of prosecutorial misconduct that nowhere identify specific evidence that was wrongfully withheld.

The voluminous attachments to Ciampi's reply also do not reveal any evidence that would exonerate him. Rather, they appear to be an attempt to link Ciampi's own case to the corruption at the FBI involving the relationship of Agent John Connolly ("Connolly") with James Bulger ("Bulger") and Stephen Flemmi ("Flemmi"). Nothing in those attachments provides specific support for Ciampi's claim that exculpatory evidence was withheld.

The only connection between Ciampi's case and the evidence of FBI corruption appears to be the participation of Agent Michael Buckley ("Buckley"). With respect to his case, Ciampi's evidence shows that Buckley submitted the affidavit in support of a search warrant that was executed on a building owned by Ciampi's family. Other sources cited by Ciampi demonstrate that, at most, Buckley worked in the FBI's organized crime squad, was a friend of Connolly's and met with Bulger and Flemmi on occasion. *See United States v. Salemme,* 91 F.Supp.2d 141, 199, 295 (D.Mass.1999). He provides no evidence to support the allegations that Buckley's affidavit was untruthful or that the purpose of the search was to "compromise exculpatory evidence."

At most, Ciampi has shown that impeachment information about FBI agents might not have been disclosed (though he identifies no specific evidence). Pursuant to *Ruiz,* however, such information is not required to be disclosed before a defendant elects to plead guilty. *See Ruiz,* 536 U.S. at 629, 122 S.Ct. 2450. Consequently, Ciampi's reply brief does not alter this Court's prior decision to .deny his § 2255 motion.

### B. Ineffective Assistance of Counsel

Ciampi also asserts that his plea agreement was not voluntary because it was based on "bad legal advice during the pre-plea stage of the case, but for which Mr. Ciampi never would have plead guilty." His newly discovered reply brief provides no further details with respect to his ineffective assistance claim.

### 1. Legal Standard

To show ineffective assistance of counsel a petitioner must show that 1) his counsel's performance fell below an objective standard of reasonableness and 2) but for his counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984); *Mello v. DiPaulo,* 295 F.3d 137, 142 (1st Cir.2002). The two-part *Strickland* test applies to claims that a guilty plea was the result of ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). A plea is voluntary if entered into upon advice of counsel "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

## 2. Application

■ Ciampi's claim of ineffective assistance of counsel fails to satisfy even the first prong of the *Strickland* analysis. Ciampi asserts that his counsel was deficient because he was "hoodwinked" by false representations made by the government concerning the sentence he faced and the evidence against him. He points to no specific evidence to support the allegation that the government's representations were false, much less to show how his counsel's reliance on those representations was unreasonable.

As the government noted in its opposition to the original petition, Ciampi knew the extent of the evidence against him and the sentence he faced because he had already endured one trial for the same charges. Moreover, during Ciampi's plea colloquy the government recited all of the evidence it believed it would be able to prove beyond a reasonable doubt at trial. Ciampi responded that he had no disagreement with anything that the government said it would be able to prove.

Because Ciampi has failed to show that his counsel's advice concerning his plea was objectively unreasonable this Court does not reach the second prong of the *Strickland* analysis.

## C. Need for an Evidentiary Hearing

■ Ciampi's motion to grant relief from judgment also contains a renewed request for an evidentiary hearing. This Court finds that Ciampi's allegations do not warrant such a hearing.

In *David v. United States* the First Circuit held that: "Allegations that are so evanescent or bereft of detail that they cannot reasonably be investigated (and, thus, corroborated or disproved) do not warrant an evidentiary hearing." 134 F.3d 470, 478 (1st Cir.1998). As explained, Ciampi's allegations, with respect to both his claims, are conclusory and devoid of any factual support. *See id.* (evidentiary hearing not warranted where allegations are "vague, conclusory, or palpably incredible") (citing *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)). Consequently, this Court finds that an evidentiary hearing is not required and would not be helpful.

## ORDER

In accordance with the foregoing, Ciampi's motion to grant relief from judgment and order pursuant to Fed.R.Civ.P. 60(b)(6) is **DENIED.**

**So ordered.**